UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BRENDA J. LEVERETT-MULLEN, :
Plaintiff, :
v. :
: CA 06-483 T
R. JAMES NICHOLSON, SECRETARY, :
DEPARTMENT OF VETERANS AFFAIRS, :
Defendant. :

**MEMORANDUM AND ORDER**
**DENYING MOTION TO APPOINT COUNSEL**

Before the Court is Plaintiff's Motion to Request Representation by a Court-Appointed Attorney (Document ("Doc.") #4) (the "Motion") in the instant civil action. The Motion has been referred to me for determination pursuant to 28 U.S.C. § 636(b)(1)(A).[1]

There is no constitutional right to appointed counsel in a civil case. Maroni v. Pemi-Baker Reg'l Sch. Dist., 346 F.3d 247, 257 (1st Cir. 2003); see also DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991)("There is no absolute constitutional right to a free lawyer in a civil case."). Plaintiff must demonstrate that she is indigent and that exceptional circumstances warrant

[1] 28 U.S.C. § 636(b)(1)(A) states that:

> [A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

28 U.S.C. § 636(b)(1)(A).

the appointment of counsel. See DesRosiers v. Moran, 949 F.2d at 23 (noting that plaintiff "must demonstrate that [s]he was indigent and that exceptional circumstances were present such that a denial of counsel was likely to result in fundamental unfairness impinging on h[er] due process rights"); accord Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996)("Court appointed counsel is warranted only in exceptional circumstances ....")(internal quotation marks omitted). "[W]hether such circumstances exist is ... committed to district court discretion." Steele v. Shah, 87 F.3d at 1271; see also DesRosiers v. Moran, 949 F.2d at 24 (noting trial court's "broad discretion").[2] "To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing, *inter alia*,[3] on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent [her]self." DesRosiers v. Moran, 949 F.2d at 24; see also Manisy v. Maloney, 283 F.Supp.2d 307, 317 (D. Mass 2003)(quoting DesRosiers v. Moran).

Plaintiff has not demonstrated that she is indigent. See Order dated 11/3/06 (Doc. #3) (denying Plaintiff's Application to Proceed without Prepayment of Fees and Affidavit (Doc. #2)).

---

[2] Although Plaintiff states that her "final order from the Merit Protection Board is enclosed and it states that [she] may be entitled to court-appointed assistance with regards to court fees and attorney," Motion at 1, the statutes referenced therein 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a, see Motion, Attachment ("Att.") at 3, are similarly discretionary, see 29 U.S.C. § 794a (stating that the remedies, procedures, and rights set forth in various sections of the Civil Rights Act of 1964, including 42 U.S.C. § 2000e-5(f), are available and that the court, in its discretion, may allow the prevailing party a reasonable attorney's fee); 42 U.S.C. § 2000e-5(f) (stating that "[u]pon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security").

[3] "Inter alia" means "[a]mong other things." Black's Law Dictionary 815 (7th ed. 1999).

Moreover, she has not demonstrated that "there are exceptional circumstances sufficient to warrant the appointment of counsel ...," DesRosiers v. Moran, 949 F.2d at 2. However, in deference to Plaintiff's pro se status, see Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)(noting that pro se complaint is held to less stringent standard than formal pleadings drafted by lawyers), the Court will address the above factors.

In her Complaint (Doc. #1), Plaintiff alleges that "[t]he agency named above discriminated against [Plaintiff] based on race (black)." Complaint at 1. She also states that "[t]he agency named above discriminated against [her] based on disability (post traumatic stress disorder) ...," id., and "subjected [her] to retaliation for upholding her rights," id. She provides little detail regarding these allegations. She does not state how the agency discriminated against her on the basis of her race, when and where this discrimination occurred, how the agency retaliated against her at her place of employment (which is not identified), and when this retaliation occurred. Thus, the Court is unable to evaluate Plaintiff's likelihood of success on the merits of these claims. For the same reasons, the Court is similarly unable to make a determination regarding the complexity of her case.

With regard to Plaintiff's ability to represent herself, she has filed a Complaint which identifies the parties, provides a short statement of her claim, and specifies the relief she seeks. While the Complaint lacks the factual detail described above and does not include a statement of the Court's jurisdiction, see Complaint at 1-2; see also Fed. R. Civ. P. 8(a),[4] the Court

---

[4] The Federal Rules of Civil Procedure provide that:

A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party

declines to conclude on the basis of Plaintiff's first pleading that she is unable to represent herself.

In summary, Plaintiff has not demonstrated that she is indigent and that there are exceptional circumstances warranting the appointment of counsel in this civil case. Accordingly, Plaintiff's Motion to Request Representation by a Court-Appointed Attorney is DENIED.

So ordered.

ENTER:

DAVID L. MARTIN
United States Magistrate Judge
December 7, 2006

BY ORDER:

Deputy Clerk

---

claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

Fed. R. Civ. P. 8(a).